MIDLAND, The. See Cases Nos. 12,067 and 12,068.

---

## Case No. 9,537.

### Ex parte MIFFLIN.

[1 Pa. Law J. 146.]

District Court, E. D. Pennsylvania. May 17, 1842.

ARREST—PROTECTION FROM —SUITORS — FACTS TO MAKE OUT CASE—HOW PROVED.

The protection from arrest given to suitors, extends to petitioners for the bankrupt act. The privilege is regarded liberally; but the facts necessary to make out a case for protection, must be proved otherwise than by the oath of the party who claims it.

Mifflin, a petitioner for the benefit, &c., had made an appointment to be at a commissioner's office, on a certain Monday at eleven o'clock a. m., on business connected with the petition. The appointment was proved by the commissioner. Not long after making this appointment with the commissioner, he promised one Freeman to call at his (Freeman's) store, on this same Monday, some time before eleven. The commissioner's office was one square south of the court house (S. E. corner 6th and Chestnut streets,) and Freeman's store two squares north of the court house. He did not call at Freeman's as he had promised to do, and on this same Monday, a few minutes before eleven, when close to the court house, and walking in a course which might have been to either Freeman's or the commissioner's, he was taken on a ca. sa. at Freeman's suit. He now applied to be discharged from arrest. Mifflin himself swore, that he left his residence, (some seven or eight squares from the commissioner's office,) at about half past ten o'clock, a. m., and wishing to see his counsel, Mr. Ingraham, about his visit to the com-

missioner, he stopped at Mr. Ingraham's office, (which was in course to the commissioner's,) but learning there that Mr. Ingraham had gone to court, he went first to the court house, and thence to the Athenaeum, (about a square east of the court house,) to find Mr. T. who had been there, and that returning from the Athenaeum, and on his way to the commissioner's, he was taken by the sheriff. The whole deviation was about two squares, or about 300 yards.

It was alleged against the application, 1. That the deviation was extravagant; 2. That the process was final.

RANDALL, District Judge (declining to hear the argument on the other side,) said, that it was a simple question of intention. Was Mifflin intending to go to the commissioner's? The appointment had been duly proved. It was near to eleven o'clock, and Mifflin was just one square north of the commissioner's office, and in the course to it. The appointment with Freeman was not material. Mifflin might have designed to go there before going to the commissioner's, or afterwards; nor was it important that he had deviated a square or two in going to the commissioner's. This privilege of suitors was regarded liberally. In point of time a party had been allowed a delay of three or four days, when the business which protected him called him away from his residence. No rule required a party to move to the spot in a straight line, and in the same line home again. It was important, however, that the appointment with the commissioner had been shown otherwise, than by Mifflin's oath, as the oath of a party, alone, would be insufficient. There was nothing in the objection that the process was final, as Freeman might issue an alias ca. sa. The petitioner was, accordingly, without hesitation, discharged from arrest.